WILLIAM F. BRADSHAW, plaintiff in error, v. NATHAN MOREHOUSE, defendant in error.

*Error to Lee.*

The proper judgment on sustaining a demurrer to a plea in abatement is *respondeat ouster.*

An omission by the Court to render a formal judgment of *respondeat ouster* cannot prejudice a defendant, for he may, notwithstanding, answer over. In such a case, should he fail to do so, the Court can only proceed to dispose of it for want of a plea.

ASSUMPSIT upon a promissory note, &c. in the Lee Circuit Court, brought by the appellee against the appellant, before the Hon. Thomas C. Browne, and tried at the May term 1841, upon a demurrer to a plea in abatement. The material facts are briefly stated in the Opinion of the Court.

*O. Peters*, for the appellant:

The judgment of the Circuit Court should have been *respondeat ouster.* Story's Pl. 31; *John* v. *Clayton*, 1 Blackf.

---

*The counsel for the appellant filed a petition for a re-hearing, which was denied.

55, and note 1; *Lambert* v. *Lagow*, Ib. 388, and authorities there cited in note 1; *McKinstry* v. *Pennoyer*, 1 Scam. 319.

*J P Knowlton*, for the appellee.

The Opinion of the Court was delivered by

TREAT, J. This was an action brought by Morehouse against Bradshaw. The declaration was in *assumpsit*, containing three counts. The defendant pleaded *non assumpsit* to the second count, and in abatement to the first and third counts. The second count was withdrawn, and a demurrer filed to the plea in abatement. The Court sustained the demurrer, but no formal judgment was entered thereon. On the decision of the demurrer, the defendant was called, and his default entered. The clerk thereupon assessed the plaintiff's damages at \$391·19, for which amount the Court rendered judgment.

To reverse that judgment, Bradshaw prosecutes a writ of error.

Several errors are assigned, but the only one relied on is, that the Court erred in rendering final judgment for the plaintiff on the demurrer. This assignment of error is untrue in point of fact. The Court, on the decision of the demurrer, rendered no judgment against the defendant, either interlocutory, or final. The proper judgment, on sustaining the demurrer, would have been *respondeat ouster*. 1 Tidd's Pr. 641; 1 Chitty's Pl. 501. The effect of the decision complained of was, however, the same to the defendant. The mere omission of the Court to render a formal judgment of *respondeat ouster*, could not prejudice him. He was not denied the right of answering over to the declaration, but was left at perfect liberty to do so. Refusing, or failing to do it, the Court could only proceed to dispose of the case, for want of a plea. In doing this, it committed no error, and its judgment is affirmed with costs.

*Judgment affirmed.*